IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROY E. KOPISCHKE, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## COMPLAINT

Plaintiff, United States of America, by and through undersigned counsel, complains and alleges as follows:

1. The United States brings this civil action to: (i) foreclose the federal tax liens related to Mr. Kopischke's federal tax liabilities, consisting of trust fund recovery penalties, on a parcel of real property located at 5911 Midnight Pass Road, Unit 408, Sarasota, Florida 34242 (the "Property") and (ii) obtain an order of sale of the Property, with the sale proceeds to be applied to Mr. Kopischke's federal tax liabilities.

2. Pursuant to 26 U.S.C. §§ 7401 and 7403, the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of Treasury of the United States, authorized and requested this action. This action is brought at the direction of the United States Attorney General under the authority of 26 U.S.C. § 7401.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402, 7403.

4. Pursuant to 28 U.S.C. §§ 1391(b) and 1396, venue is proper in this Court because Mr. Kopischke resides in Sarasota County, Florida and the United States seeks to foreclose on real property located in Sarasota County, Florida.

## DEFENDANT

5. Defendant Roy E. Kopischke resides in Sarasota County, Florida, at 5911 Midnight Pass Road, Unit 408, Sarasota, Florida 34242.

## SUBJECT PROPERTY

6. The United States seeks to foreclose its federal tax liens against the following property:

5911 Midnight Pass Road, Unit 408, Sarasota, Florida 34242, Parcel Identification Number 0105-13-4532, which is more particularly described as: Unit 408, Boca Siesta Condominium, according to the declaration of condominium recorded in official records book 1691, page 1136 and subsequent amendments thereto and as per plat thereof recorded in condominium book 22, pages 32, 32A to 32K, inclusive, of the public records of Sarasota County, Florida, together with the exclusive use of Boat Dock 32.

## COUNT TO FORECLOSE FEDERAL TAX LIEN ON THE PROPERTY

7. The United States incorporates by reference the allegations contained in paragraphs 3 through 6 of this Complaint as if fully and separately restated herein.

8. A delegate of the Secretary of the Treasury made Trust Fund Recovery Penalty assessments against Mr. Kopischke pursuant to 26 U.S.C. § 6672 for the periods and in the amounts listed below:

| Tax Period Ending | Assessment Date | Trust Fund Taxes |
|---|---|---|
| 12/31/2003 | 12/25/2006 | $149,928.45 |
| 03/31/2004 | 12/25/2006 | $311,312.09 |
| 06/30/2004 | 12/25/2006 | $242,195.93 |
| 12/31/2004 | 12/25/2006 | $104,308.26 |
| 03/31/2005 | 11/19/2007 | $140,415.95 |
| 09/30/2005 | 11/19/2007 | $102,923.13 |
| 12/31/2005 | 11/19/2007 | $133,213.87 |
| 03/31/2006 | 11/19/2007 | $2,751.68 |

9. A delegate of the Secretary of Treasury issued notice of the assessments described in paragraph 8 and made demand for payment.

10. Despite notice of the assessments described in paragraph 8, and demand for payment, Mr. Kopischke failed to pay the full amount of the assessments.

11. Pursuant to 26 U.S.C. §§ 6321 and 6322, liens for the unpaid federal tax liabilities described in paragraph 8 above arose on the dates of the assessments in favor of the United States and continue to encumber all property and rights to property belonging to Mr. Kopischke or obtained thereafter, including the Property.

12. On March 11, 2013, a Notice of Federal Tax Lien was properly filed in the public records of the Clerk of the Circuit Court of Sarasota County, Florida, at Instrument Number 2013037587, against Mr. Kopischke in the amount of $1,179,349.46 for the taxable periods described in paragraph 8. The United States timely refiled that lien on August 23, 2016 for the taxable periods ending December 31, 2003 through June 30, 2004 and December 31, 2004, and

on and on February 7, 2017 for the taxable periods ending March 31, 2005 and September 30, 2005 through March 31, 2006, in accordance with 26 U.S.C. § 6323(g).

13. On December 23, 2016, the United States filed a suit to obtain a judgment against Mr. Kopischke for the unpaid balances of the liabilities described in paragraph 8. *United States v. Roy E. Kopischke*, No. 8:16-cv-03486-JDW-TBM (M.D. Fla.).

14. On June 8, 2017, the Court entered Default Judgment in favor of the United States and against Mr. Kopischke, in the amount of $1,763,210.51, plus statutory interest and costs. *Id.* (Doc. 12). The Judgment was recorded on March 25, 2019 in Sarasota County, Florida as Instrument Number 2019036474.

15. Mr. Kopischke owns the Property free and clear of any other liens or encumbrances.

16. Mr. Kopischke has failed to pay the judgment entered against him.

**WHEREFORE**, the Plaintiff, United States of America, prays for the following relief:

A. That this Court order, adjudge, and decree that the federal tax liens of the United States attach to the Property described in the Complaint, that the tax liens be foreclosed, that the property be sold according to law, free and clear of the claims of Mr. Kopischke, and that the proceeds of the sale be distributed first to the United States to be applied to Mr. Kopischke's tax liabilities, with any remaining to Mr. Kopischke.

B. That the United States of America be granted its costs incurred in this action.

C. That this Court grant such other and further relief as it deems just and proper.

Dated: May 28, 2019

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

                    */s/ Margaret S. Sholian*
MARGARET S. SHOLIAN
Trial Attorney, Tax Division
Washington Bar No. 51444
U.S. Department of Justice
P.O. Box 14198
Washington, D.C.  20044
202-514-5900 (v)
202-514-4963 (f)
Margaret.S.Sholian@usdoj.gov

Of Counsel:

MARIA CHAPA LOPEZ
United States Attorney
Middle District of Florida

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
Roy E. Kopischke

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Sarasota County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Margaret Sholian, Trial Attorney, U.S. Department of Justice
P.O. Box 14198 Washington, D.C. 20044

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 340 Marine | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** / **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation / ☐ 440 Other Civil Rights / **Habeas Corpus:** | | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 220 Foreclosure / ☐ 441 Voting / ☐ 463 Alien Detainee | | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment / ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | | |
| ☐ 240 Torts to Land / ☐ 443 Housing/ Accommodations / ☐ 530 General | | | | |
| ☐ 245 Tort Product Liability / ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property / ☐ 446 Amer. w/Disabilities - Other / **Other:** | | ☐ 462 Naturalization Application | | |
| / ☐ 448 Education / ☐ 540 Mandamus & Other | | ☐ 465 Other Immigration Actions | | |
| / / ☐ 550 Civil Rights | | | | |
| / / ☐ 555 Prison Condition | | | | |
| / / ☐ 560 Civil Detainee - Conditions of Confinement | | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Section 7401 of Title 26 (Internal Revenue Code)

Brief description of cause:
Suit to foreclose federal tax liens

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 05/28/2019

SIGNATURE OF ATTORNEY OF RECORD: s/ Margaret Sholian

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Plaintiff(s)*<br>v.<br>ROY E. KOPISCHKE<br><br>*Defendant(s)* | Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*  Roy E. Kopischke
 5911 Midnight Pass Rd., Unit 408
 Sarasota, Florida 34242

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Margaret Sholian
 Tax Division, U.S. Department of Justice
 P.O. Box 14198, Ben Franklin Station
 Washington, D.C. 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: