UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No. 8:19-cv-1283-T-60JSS

ROY E. KOPISCHKE,

    Defendant.
_____/

**ORDER GRANTING "UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT, ENFORCEMENT OF FEDERAL TAX LIENS, AND ORDER OF SALE OF REAL PROPERTY"**

This matter is before the Court on "United States of America's Motion for Summary Judgment, Enforcement of Federal Tax Liens, and Order of Sale of Real Property," filed by counsel on October 29, 2019. (Doc. # 21). Defendant did not timely file a response in opposition. On December 12, 2019, the Court entered an order to show cause as to why the Government's motion should not be considered without Defendant's response. (Doc. # 22). On December 20, 2019, Defendant responded to the show cause order but did not address any reason for delay. (Doc. # 23). Instead, Defendant argued that an issue of material fact precluded the entry of summary judgment. (*Id.*). After receiving leave of this Court, the United States filed its reply on January 10, 2020. (Doc. ## 25, 26). For the reasons that follow, the United States' motion is granted.

## Background

The facts are undisputed. Defendant Roy Kopischke was the owner and president of Royal Builders, Inc., a company that failed to remit employment taxes withheld from its employees' wages to the United States for the tax periods ending December 31, 2003, March 31, 2004, June 30, 2004, December 31, 2004, March 31, 2005, September 30, 2005, December 31, 2005, and March 31, 2006. *See United States v. Roy E. Kopischke*, No. 8:16-cv-3486-T-27TBM (M.D. Fla.).

Defendant is the owner of 5911 Midnight Pass Road, Unit 408, Sarasota, Florida, 34242, and he owns the property free and clear of any liens or encumbrances other than those asserted by the IRS. On March 19, 2013, a Notice of Federal Tax Lien was filed in the public records of the Circuit Court of Sarasota County, Florida, at Instrument Number 2013037587 against Defendant in the amount of $1,179,349.46 for the tax periods at issue. On August 23, 2016, the United States refiled the Notice of Federal Tax Lien for the taxable periods ending December 31, 2003, through June 30, 2004, and December 31, 2004. On February 7, 2017, the United States refiled the Notice of Federal Tax Lien for the taxable periods ending March 31, 2005, and September 30, 2005, through March 31, 2006.

Because Defendant willfully failed to pay the employment taxes over to the United States, the Internal Revenue Service (IRS) assessed trust fund recovery penalties against him, and on December 23, 2016, the United States filed suit to obtain a judgment for the unpaid liabilities. Defendant failed to respond to the

complaint, and a default judgment was entered against him in the amount of $1,763,210.51. Defendant failed to pay the judgment against him. As of October 28, 2019, Defendant owed $1,992,602.86 on account of the trust fund recovery penalties assessed against him.

## **Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is not defeated by the existence of a factual dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Only the existence of a genuine issue of material fact will preclude summary judgment. *Id.*

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

## Analysis

The United States argues that it is entitled to summary judgment in its favor and an order enforcing the federal tax liens attached to the Property. The Court agrees. 26 U.S.C. § 7403(a) provides that

> [i]n cases where there has been a refusal or neglect to pay any tax […] whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States […] with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability.

The district court is required to adjudicate the matter and determine the merits of all claims to and liens upon the property, and it may decree a sale of the property and distribution of the proceeds of such sale. *See* 26 U.S.C. § 7403(c); *see also United States v. Rodgers*, 461 U.S. 677, 693-94 (1983). The district court is not required to authorize a forced sale under all circumstances as there is "some limited room . . . left in the statute for the exercise of reasoned discretion." *Id.* at 706. However, this discretion is limited and focuses on the impact a forced sale may have on a third party that holds an ownership interest in the property. *See id.* at 709-11; *United States v. Christiansen*, 414 F. App'x 218, 220 (11th Cir. 2011).

In this case, the United States has established that Defendant has outstanding federal tax liabilities, and that the United States has an interest in the Property by virtue of the trust fund recovery penalty assessments, Notices of Federal Tax Liens, and Judgment against Defendant. *See* (Doc. ## 21, 21-1, 21-2,

21-3, 21-4, 21-5, 21-6, 21-7, 21-8, 21-9). As such, the United States is entitled to enforce its federal tax liens through a forced sale of the Property.

To the extent that Defendant has asserted an affirmative defense of financial hardship pursuant to 26 U.S.C. § 6343(a)(1)(D), the Court finds that such defense is unavailing and does not preclude summary judgment. Because there is no administrative levy at issue in this action, the financial hardship defense is not valid as a matter of law. *See United States v. Giaimo*, No. 4:11-CV-589 SNLJ, 2016 WL 1073234, at *6-7 (E.D. Mo. Mar. 18, 2016) (rejecting financial hardship argument and finding no discretion to refuse to authorize the sale of taxpayer's home).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) "United States of America's Motion for Summary Judgment, Enforcement of Federal Tax Liens, and Order of Sale of Real Property" (Doc. # 21) is **GRANTED**.

(2) The United States of America is directed to prepare and submit a proposed judgment of foreclosure on or before February 28, 2020.

(3) A separate judgment of foreclosure will be entered, scheduling a judicial sale of the subject property, setting forth the amount due to all parties having an interest in the sale proceeds, the manner in which the sale proceeds are to be distributed, the publication requirements, bidding

procedures, and the manner and time of said sale.

(4) The Court reserves jurisdiction to enter judgment of foreclosure consistent with this Order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>30th</u> day of January, 2020.

TOM BARBER
UNITED STATES DISTRICT JUDGE